UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SW VALLEY LLC, a Florida limited liability company

                              Plaintiff,

               -against-

CNW REAL ESTATE LLC, MICHAEL ZUKERMAN, PETER A. GRIFFITH, MARTIN ZUKERMAN, (individually and as Trustee of 1996 Zukerman Family Trust), ALEXANDER GELLATLY, WHITESTONE NEW WINDSOR LLC, DUFFY'S ROUTE 32 LLC, and "JOHN DOE" #1-10, the names of the last 10 defendants being fictitious, said defendants' true names being unknown to plaintiff, it being thereby intended to designate holders of judgments and/or liens and/or other interests which may affect the mortgaged premises described in the complaint, and other persons or entities who may be in possession of portions of the mortgaged premises described in the complaint,

                              Defendants.

Civil Action No.

_____

**COMPLAINT**

---

Plaintiff SW Valley, LLC, ("Plaintiff" or "SW Valley") by and through its attorneys, complaining of the Defendants, alleges upon information and belief as follows:

## NATURE OF THE ACTION

1. This is an action brought pursuant to New York Real Property Actions and Proceedings Law, Section 1301 et seq., to foreclose on a mortgage encumbering the property commonly known as 139 Windsor Highway, Windsor, New York, consisting of a certain plot, piece or parcels situated in the County of Orange, State of New York, and designated as Lot 25.21, Block 1 on the official tax map of the Town of New Windsor, Orange County (the "Property"), and having a legal description as set forth in **Exhibit A** attached hereto.

## The Parties

2. Plaintiff is a Florida limited liability company having an office at c/o Bridge Capital Group LLC, 2200 Butts Road, Suite 310, Boca Raton, Florida 33431.

3. Upon information and belief, defendant CNW Real Estate LLC is a New York limited liability company, having its principal place of business at 915 Cherry Lane, Valley Stream, New York 11581.

4. Upon information and belief, defendant Michael Zukerman is an individual residing at 915 Cherry Lane, Valley Stream, New York 11581.

5. Upon information and belief, defendant Peter Griffith is an individual residing at 15602 Pickitts Store Pl., Haymarket, Virginia 20169-6141.

6. Upon information and belief, defendant Martin Zukerman, individually and as trustee of the 1996 Zukerman Family Trust, is an individual residing at 225 E 57th Street, New York, New York 10022.

7. Upon information and belief, defendant Alexander Gellatly is an individual residing at 118 South Smith Rd., LaGrangeville, New York 12540.

8. Upon information and belief, defendant Whitestone New Windsor LLC is a Delaware Limited Liability Company having an address at 915 Cherry Lane, Valley Stream, New York 11581.

9. Upon information and belief, defendant Duffy's Route 32 LLC is New York limited liability company, with an address at c/o Stephen Reineke, 5 Corporate Drive, Suite 202, Central Valley, New York 10917.

10. Upon information and belief, the Doe Defendants are persons, parties or other entities, if any, who are presently unknown to Plaintiff, who may hold or claim to hold an interest in the Property.

## JURISDICTION AND VENUE

11. This action is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds Seventy-Five Thousand ($75,000) Dollars. Therefore, jurisdiction is proper pursuant to 28 U.S.C. § 1332.

12. Defendants are subject to service of process in New York insofar as Defendants either reside in, or transact business in, New York and/or have agreed to submit themselves to the jurisdiction of the courts in the State of New York.

13. The Property which is the subject matter of this action, is located in the Southern District of the State of New York.

14. Venue is based upon 28 U.S.C. §1391 (a) insofar as a substantial part of the events giving rise to this action, and the property that is the subject matter of this action, is situated within the Southern District of New York.

## FACTUAL ALLEGATIONS

15. On or about January 10, 2019 defendant CNW Real Estate LLC, in order to secure repayment to Plaintiff of the principal sum of One Million One Hundred Thousand and No/100 Dollars ($1,100,000.00), duly executed and delivered to Plaintiff a Promissory Note (the "Note") a true copy of which is attached hereto as **Exhibit B.**

16. Pursuant to the Note, CNW Real Estate LLC acknowledged itself indebted to Plaintiff in the sum of One Million One Hundred Thousand and No/100 Dollars ($1,100,000.00), with interest accruing, prior to an event of default, at an annual fixed rate equal to Twelve Percent (12%),

computed on the number of days elapsed and an assumed year of Three Hundred and Sixty (360) days.

17. The Note provided that CNW Real Estate LLC would make monthly payments accruing during the term of the Note, which Note was payable in full on January 31, 2020 ("the Maturity Date"). CNW Real Estate LLC further agreed and bound itself to pay to Plaintiff monthly interest-only payments of Eleven Thousand One Hundred Fifty-Two and 78/100 Dollars ($11,152.78) and monthly tax escrow payments of Two Thousand and Forty Nine and 41/100 Dollars ($2,049.41), for a total of Thirteen Thousand Two Hundred and Two and 19/100 Dollars ($13,202.19) beginning on March 1, 2019 and on the first day of each and every month thereafter until the earlier to occur of (a) all of the Property was transferred, sold or refinanced; or (b) the Maturity Date. On the Maturity Date, all outstanding principal, accrued interest and any other charges due under the Note were due and payable in full.

18. To secure the Note, defendant CNW Real Estate LLC executed in favor of Plaintiff a Commercial Purchase Money Mortgage on the Property dated January 10, 2019 (the "Mortgage"), a true copy of which is attached hereto as **Exhibit C**. The Mortgage was duly recorded in the Office of the Orange County Clerk on January 14, 2019 in Liber 14513, Page 1783.

19. On January 10, 2019, defendants Michael Zukerman, Peter Griffith, Martin Zukerman, individually and as trustee of the 1996 Zukerman Family Trust, Alexander Gellatly, and Whitestone New Windsor LLC (collectively, the "Guarantors") executed a guaranty of payment (the "Guaranty") in favor of Plaintiff, a copy of which is attached hereto as **Exhibit D.**

20. The Note defines an "Event of Default" as, among other things, CNW Real Estate LLC's failure to timely pay to Plaintiff within five (5) days of the date when due and payable, any installment of principal or of interest due under the Note.

4

21. By letter dated January 27, 2020, Plaintiff declared an Event of Default as a result of Defendant CNW Real Estate LLC's failure to make the required monthly interest payments due December 1, 2019 in the amount of $11,152.78 within the applicable five (5) day grace period.

22. Accordingly, as provided under the Note and Loan Documents, Plaintiff declared the entire indebtedness evidenced by the Note and Loan Documents immediately due and payable to Plaintiff. Plaintiff further notified CNW Real Estate LLC that the augmented interest rate equal to the Default Rate set forth in the Note (20% per annum or $611.11 per diem) would be applied to the entire principal balance.

23. Plaintiff is still the owner and holder of said Note and Mortgage and as of January 27, 2020, the total due to Plaintiff, including principal, interest and default interest, was $1,134,222.22.

24. CNW Real Estate LLC has failed to make payment of the full amounts of unpaid principal and interest due and owing under the Note and Loan Documents.

25. As a result of CNW Real Estate LLC's default under the Note, Mortgage and all other documents executed in connection therewith (collectively, the "Loan Documents"), Plaintiff is seeking to foreclose CNW Real Estate LLC's interest in the Property.

26. To further secure the indebtedness as defined in the Note, and all other sums due thereon, CNW Real Estate LLC executed an Assignment of Rents and Leases dated January 10, 2019, assigning, all of the right, title, and interest of CNW Real Estate LLC, as lessor, in and to all Leases now in effect, or thereafter executed, with tenants in the Property. A true copy of the Assignment of Rents and Leases, and recorded in the Office of the Orange County Clerk on January 14, 2019 in Liber 14513, Page 1804, is attached hereto as **Exhibit E** ("Assignment of Rents").

27. The Mortgage further provides that if the Plaintiff forecloses, it may have a receiver appointed to manage the Property for the Plaintiff until the sale, including but not limited to the collection of rents due from tenants on the mortgaged Property.

28. The Mortgage further provides that in case of a sale of the Property, the Property may be sold as one parcel.

29. The Note and Mortgage provide that Plaintiff is entitled to its costs and expenses, including but not limited to reasonable attorney's fees, incurred to protect its rights in the Property.

30. Plaintiff has retained the law firms of Schumann Hanlon LLC and Steiner & Kostyn, LLP to represent it in this action and is obligated to pay said firms a reasonable fee.

31. During pendency of this action, in order to protect its security, Plaintiff may be compelled to pay taxes, assessments, water rates, insurance premiums, and/or other charges affecting said Property. Plaintiff requests that any sums so paid by it shall be added to the sum otherwise due herein, and be deemed secured by the Note and Mortgage and adjudged a valid lien upon the Property herein described.

32. No other action has been commenced at law or otherwise for recovery of the monies or any part thereof secured by said Note and Mortgage.

33. The Property is subject to a subordinate mortgage in the amount of $870,000.00 and interest made by CNW Real Estate LLC to Duffy's Route 32 LLC dated January 10, 2019 and recorded in the Office of the Orange County Clerk on January 14, 2019 in Liber 14513, page 1815.

34. Duffy's Route 32 LLC is made a party defendant herein solely by reason of a subordinate mortgage which might affect the Property.

35. In the event Plaintiff possesses any other lien(s) against said Property, either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) not be merged in Plaintiff's cause(s) of action set forth in this Complaint, but that Plaintiff enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including without limitation, any surplus money proceedings.

36. Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinbefore made, by reason of payment after the date of the commencement of this action, or by reason of any attempt to cure any or all of the defaults mentioned herein; such election shall continue and remain effective until the costs and disbursements of this action, and any and all present and future defaults under the aforesaid Note and Mortgage, occurring prior to the discontinuance of this action, are fully paid and cured.

## Count I

37. Plaintiff repeats each and every allegation of Paragraphs 1 through 36 above as though set forth at length herein.

38. The Note and the Mortgage required Defendant CNW Real Estate LLC to timely pay all installments of interest within the applicable five (5) day grace period.

39. Defendant CNW Real Estate LLC failed to make the required monthly interest payments due December 1, 2019 in the amount of $11,152.78 within the applicable five (5) day grace period under the Note.

40. By letter dated January 27, 2020, Plaintiff declared an Event of Default and accelerated the full amount of interest and principal and expenses due on the loan.

41. Notwithstanding Plaintiff's demand for payment, CNW Real Estate LLC has failed to pay the full amounts of unpaid principal and interest due and owing under the Note and Loan Documents.

42. As a result of CNW Real Estate LLC's breach and default, Plaintiff has been damaged.

### Count II

43. Plaintiff repeats each and every allegation of Paragraphs 1 through 42 above as though set forth at length herein.

44. The Mortgage in Section 9, paragraph 9.3 provides that Lender as a matter of right and without regard to the sufficiency of the security for the repayment of the debt or the insolvency of the mortgagor, may obtain the appointment of a receiver of the rents of the mortgaged Property. Pursuant to Section 9, paragraph 9.3, the Mortgagor consents to the appointment of such receiver upon the occurrence of an Event of Default for the protection, possession, control management and operation of the Property including (without limitation) the power to collects rents pursuant to the Assignment of Rents.

45. Plaintiff is entitled to the appointment of a receiver to collect the rents, pay the taxes and manage the Property until the disposition of this matter.

### Count III

46. Plaintiff repeats each and every allegation of paragraphs 1 through 45 above as though set forth at length herein.

47. Pursuant to the terms of the Note, CNW Real Estate LLC and the Guarantors are liable for the entire indebtedness and, accordingly, will remain liable for any debt remaining

unsatisfied after a sale of the Property and application of the proceeds of such sale pursuant to the directions contained in such judgment.

## CLAIM FOR RELIEF

### (Against All Defendants on all Counts)

**WHEREFORE**, Plaintiff demands judgment that:

(a) Defendants and all persons claiming under them subsequent to the commencement of this action and the filing of a notice of pendency thereof, may be forever barred and foreclosed of and from all estate, right, title, interest, claim, lien or equity of redemption of, in and to the said Property and each and every part and parcel thereof;

(b) The Property may be decreed to be sold in one parcel, and that the monies arising from such sale may be brought into Court;

(c) Plaintiff be paid the amount due upon the said Note and Mortgage as hereinbefore set forth, with interest to the time of such payment, and the expenses of such sale, together with the costs, allowances and disbursements of this action, together with any monies advanced and paid pursuant to any term or provision of the said Note and Mortgage or to protect the lien of Plaintiff's Mortgage, with interest upon said amounts from the dates of the respective payments and advances thereof;

(d) Plaintiff be awarded reasonable attorneys' fees, so far as the amount of such monies properly applicable thereto will pay the same;

(e) CNW Real Estate LLC and the Guarantors be adjudged to pay any deficiency remaining after the application of such monies as aforesaid;

  (f)  This Court forthwith appoint a Receiver with the usual and customary powers and duties; and

  (g)  Plaintiff have such other and further relief in the Property as may be just and equitable.

Dated: February 26, 2020
   New York, NY

              STEINER & KOSTYN, LLP

            By: _____
              Kevin F. Kostyn
              647 East 9th Street
              Suite 3
              New York, NY 10009
              (212-254-2677
              kk@steinerkostyn.com

            *Attorneys for Plaintiff*

Of Counsel:

Eugene R. Boffa III
SCHUMANN HANLON LLC
30 Montgomery Street
Suite 990
Jersey City, NJ 07302